## UNITED STATES v. R. HOE & CO.

(Circuit Court of Appeals, Second Circuit.   February 26, 1906.)

### No. 130 (3,773).

CUSTOMS DUTIES—CLASSIFICATION—PATTERNS FOR MACHINERY—MOLDERS' PATTERNS.

The provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 616, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685], for "Models of inventions and of other improvements in the arts, including patterns for machinery," is not limited to the class of patterns known as "model patterns," intended to show the working of the thing illustrated, but includes also molders' patterns, which are used as models about which to form sand molds in which castings may be made, and which are fitted for successive use in that way.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 141 Fed. 488, which reversed a decision of the Board of United States General Appraisers, G. A. 5,889, T. D. 25,942, which had affirmed the assessment of duty by the collector of customs at the port of New York.

Following is an extract from the majority opinion of the board, together with the dissenting opinion:

WAITE, General Appraiser. This case arises over the importation of certain wooden forms called molders' patterns, imported by R. Hoe & Company for use in manufacturing machinery or parts thereof. * * * It is claimed by the importers that the commodity should be admitted free under Tariff Act July 24, 1897, c. 11, paragraph 616, § 2, Free List, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685], which reads as follows:

"616. Models of inventions and of other improvements in the arts, including patterns for machinery, but no article shall be deemed a model or pattern which can be fitted for use otherwise."

Considerable testimony has been taken from men of skill and long experience, both for the importers and for the government, as to what are known in the trade as "patterns." The testimony reveals the fact that there are and were, at the time of the passage of this act, model patterns and molders' patterns, the two kinds differing in their appearance and use. * * * It would appear by a preponderance of evidence that a model pattern is a pattern of the exact size and dimensions of the thing desired to be made, a pattern to convey the idea to the machinist or to the manufacturer or maker of molders' patterns, the only use of which would be to stand before the artisan as the embodiment of an idea, shape, form, and use; while a molder's pattern is a more or less accurate representation of the thing desired to be made, which is placed in the hands of the molder or foundryman, and is made use of by him to form the matrix or mold in the sand into which the molten metal is poured, thus producing a casting for a part or whole of the machine. The unskilled could not by an observation of the molders' pattern reproduce a part of the machine, because it differs in the following respects: It is larger to allow for shrinkage; it has projections where there should be holes in the machinery for the purpose of producing indentations in the mold into which may be placed the cand cores, and is also made tapering so that it can be drawn from the sand.

We think it may be conceded that the importations in question are not models of inventions or of other improvements in the arts, but come under the last part of the paragraph, if they are included within this paragraph at all, where they are described as patterns for machinery. The patterns which are admitted free, are not only limited to patterns for machinery, but are further limited by this language, "no article shall be deemed a model or pattern which can be fitted for use otherwise." Previous to the law of 1890, the word "otherwise" did not appear, but the language read, "which can be fitted for use," which, in our view, means for use as the thing which they represent. The word "otherwise" may well be thought to have been intended to prohibit free entry of "patterns for machinery" used by molders in making castings in the way the importation in this case is used. The manufacture of molders' patterns is a large industry; and, in our judgment the molders' patterns are used as a tool of trade, the same as the molders' pick or trowel. * * * We think the pattern for machinery covered by said paragraph 616 is such a pattern as can be used for conveying an idea from which to form the object and for nothing else; one which can be preserved indefinitely for that purpose. * * * The thing intended to be admitted free must correspond to the requirements of the general term "pattern," rather than with the specific term "molders' pattern," which is in the same class as the matrix formed by it, and is an instrument made use of in the practical operation of manufacturing the machine. Following the distinction here made,

we conclude, under the evidence in this case, that a molders' pattern does not come within the definition of "patterns for machinery," taking the ordinarily accepted meaning of the word "pattern," because machinery could not be produced by following the form and lines represented by the molders' pattern, and the imported articles are fitted for use and made use of otherwise than as such patterns for machinery as are intended to be covered by the statute. * * *

SOMERVILLE, General Appraiser (dissenting). I dissent from the conclusions reached by my colleagues in this case, being clearly of opinion that the article under consideration, which is an iron molder's pattern for machinery, is entitled to free entry, as claimed by the importers, under paragraph 616 of the present tariff act of 1897, which reads as follows:

"616. Models of inventions and of other improvements in the arts, including patterns for machinery, but no article shall be deemed a model or pattern which may be fitted for use otherwise."

No clearer or more specific language, in my judgment, could have been used by Congress to describe the article under consideration than that used in the above paragraph. The limitation that "no article shall be deemed a model or pattern which can be fitted for use otherwise," has no application to the wooden pattern represented by the accompanying sample under consideration. If the article were a model or pattern of iron or other metal, it might be susceptible of some other use; but, being of wood, it would clearly seem to be fit only for use as a molder's pattern.

The Standard Dictionary, while giving the general definition of the word "patterns" to be "an original or model proposed for imitations; something used or worthy to be used, as a copy," specially describes the word so as to expressly include what are known as "iron molders' patterns," namely, as "a model, usually of wood or iron, and often in several parts to facilitate removal, about which to form a sand mold, in which a casting may be made." This definition precisely covers the pattern under consideration. The evidence shows, without conflict that it is a pattern for machinery; that is, a wooden pattern used in molding the cast iron parts of certain machinery. It is well settled that words in a tariff act are presumptively used in their ordinary or dictionary signification. Swan v. Arthur, 103 U. S. 597, 26 L. Ed. 525. In order to establish a commercial designation, such as will control the meaning of a tariff law, the evidence must be "definite, uniform, and general, and not partial, local, and personal." Maddock v. Magone, 152 U. S. 368, 14 Sup. Ct. 588, 38 L. Ed. 482. The testimony in this case falls far short, in my opinion, of establishing any peculiar or trade meaning for either of the phrases, "models of invention" or "patterns for machinery," as different from the dictionary definition above quoted.

The protest in my opinion should be sustained.

W. Wickham Smith, for United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Before LACOMBE and COXE, Circuit Judges.

PER CURIAM. Decision affirmed on opinion of Circuit Court and dissenting opinion of Judge Somerville, General Appraiser, which concisely and clearly expresses our conclusion upon the record.